UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MISTY ROBERTS ]  Plaintiff, ]  ] | |
| v. ] | No. 3:16-2809 |
| ] | Judge Trauger |
| TENNESSEE DEPARTMENT OF ]  CORRECTION, et al. ]  Defendants. ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Women's Therapeutic Residential Center in Henning, Tennessee. She brings this action pursuant to 42 U.S.C. § 1983 against the Tennessee Department of Correction (TDOC); the Tennessee Prison for Women; the Mark Luttrell Correctional Center; Tony Parker, Commissioner of TDOC; the Centennial Medical Center in Nashville; MHM/Centurion, contract provider of medical services for TDOC; and three physicians; seeking damages.

The plaintiff entered the Tennessee prison system more than twenty years ago with a pre-existing heart condition. She has since developed rheumatoid arthritis and Hepatitis C.

On September 2, 2015, she was admitted to an outside hospital with congestive heart failure. After a "series of appointments", she underwent surgery to replace a valve in her heart, repair

1

another valve and remove an aneurysm. Following her discharge from the hospital, the defendant physicians "failed to follow the discharge directions, changed her medication repeatedly and left her with inadequate pain management". The plaintiff believes that the defendants have failed to provide her with an adequate level of medical care.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment prohibits cruel and unusual punishment. *See* Wilson v. Seiter, 501 U.S. 294 (1991). Under the holding of Estelle v. Gamble, 429 U.S. 97,104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' .... proscribed by the Eighth Amendment." However, not every claim by a prisoner that she has not received adequate medical care states a violation of the Eighth Amendment. *Id.* 429 U.S. at 105. To state a cognizable medical claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id.*

In this case, the plaintiff admits, and exhibits to the

complaint confirm, that the plaintiff has been receiving medical care for her health problems. As a consequence, the defendants have not been deliberately indifferent to the plaintiff's serious medical needs.

When a prisoner has received some medical attention and her claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, she has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge